STATE EX REL. UNION FREE HIGH SCHOOL DISTRICT OF THE CITY OF CRANDON, etc., Respondent, vs. CHANEY, Town Clerk, Appellant.

*October 11—November 8, 1922.*

*Bill of exceptions: Settlement: Refusal to extend time: Discretion of court.*

It is not an abuse of discretion to deny a motion for leave to serve a bill of exceptions which could have been prepared in a short time and for additional time for serving the same where such motion is predicated on an affidavit "that because of negligence, forgetfulness, misunderstanding, mistake, and partly because of the illness of affiant, he did not have prepared and served a proposed bill of exceptions within the time prescribed by law," particularly where no claim is made that the illness had any material effect and the matter is reduced to a pure question of negligence.

APPEAL from an order of the circuit court for Forest county: W. B. QUINLAN, Circuit Judge. *Affirmed.*

Action of *mandamus* to compel the defendant as town clerk to put on the tax roll of the town for the year 1921 the sum of $3,474.72 to maintain a high school in the city

of Crandon.   Judgment went for plaintiff, and the defendant desired to appeal to this court.   A copy of the testimony consisting of about fourteen pages was furnished him by the court reporter before a decision was rendered in the court below.   The judgment was entered about January 30, 1922, and on March 4, 1922, defendant obtained an *ex parte* order staying execution for costs for sixty days. On May 25, 1922, defendant's counsel served a proposed bill of exceptions on plaintiff's counsel, who declined to admit service on the ground that it was not served in time. On June 1, 1922, defendant obtained an order to show cause why leave should not be granted to serve a proposed bill of exceptions and enlarge the time for serving the same. The motion was denied, and from an order entered accordingly the defendant appealed.

For the appellant the cause was submitted on the brief of *Eastman & Goldman* of Marinette.

For the respondent there was a brief by *John F. Hooper* of Crandon and *Eberlein & Larson* of Shawano, and oral argument by *Mr. Albert S. Larson* and *Mr. Hooper.*

VINJE, C. J.    It is apparent, as stated in the opinion of the trial court, that but a short time would be required to prepare a bill of exceptions in the case.   Mr. Scudder, who assisted in the trial of the case, was requested by Mr. Goldman within a few days after the entry of the judgment to prepare the bill of exceptions, and this he agreed to do. In his affidavit showing grounds for an enlargement of the time Mr. Scudder states "that because of the negligence, forgetfulness, misunderstanding, mistake, and partly because of the illness of affiant he did not have prepared and served a proposed bill of exceptions within the time prescribed by law."   No claim is made that affiant's illness materially affected the failure to prepare the bill, so it comes down to a pure question of neglect.   The trial court, after reviewing the case of *Ward v. Trustees of Racine*

State ex rel. Union F. H. S. Dist. v. Robbins, 178 Wis. 587.

*College,* 176 Wis. 168, 185 N. W. 635, said: "So I am inclined to the opinion that in this case the showing made by the defendants is insufficient, and to permit them to serve and file a bill of exceptions and extend the time for doing the same would be an abuse of discretion." We think so too, and we take this occasion to reaffirm what was said in the *Ward Case* with reference to this subject. It follows that the order cannot be reversed because of an abuse of discretion.

*By the Court.*—Order affirmed.

For the appellant the cause was submitted on the brief of *Eastman & Goldman* of Marinette.

For the respondent there was a brief by *John F. Hooper* of Crandon and *Eberlein & Larson* of Shawano, and oral argument by *Mr. Albert S. Larson* and *Mr. Hooper.*